## Case No. 15,277.

### UNITED STATES v. HALBERSTADT.

[Gilp. 352.] [1]

District Court, E. D. Pennsylvania. May 29, 1833. [2]

PENAL ACTION — FAILURE TO DEFACE MARKS ON SPIRIT CASK—OWNER—ALIENATION—REMOVAL.

The provisions of the act of March 2, 1799 [1 Stat. 627], making it penal to sell, alienate or remove an empty cask, which had contained foreign distilled spirits, before the marks set thereon have been defaced, refer to a sale, alienation or removal by the owner to a purchaser or alienee, and not to a removal by the person who receives it after a purchase.

This was a second suit, brought by the attorney of the United States for the Eastern district of Pennsylvania, on the representation of the collector of the customs, against the defendant [John Halberstadt], to recover the penalty of one hundred dollars accruing on the purchase or removal of an empty cask, which had contained foreign distilled spirits, before the marks set thereon by the officers of the customs had been defaced. By the forty-fourth section of the act of March 2, 1799, regulating the collection of duties on imports and tonnage, it is provided, that on the sale of any empty cask, which has been branded or marked by the officers of inspection, as containing distilled spirits, prior to the delivery of it to the purchaser or any removal of it, the marks so set thereon are to be defaced in the presence of an officer of inspection or of the customs; and "every person who shall sell or in any way alienate or remove any cask, which has been emptied of its contents, before the marks and numbers set thereon shall have been defaced and obliterated in the presence of an officer of inspection, shall for every such offence, forfeit and pay one hundred dollars, with costs of suit." On the 29th May, 1833, the case came on to be tried before Judge HOPKINSON and a special jury. The facts of the purchase of the empty casks, and of their being removed to the warehouse of the defendant, without the marks being defaced, were admitted as on the former trial, and similar evidence was given to show that the purchase of the casks was made by a clerk of the defendant, but that he had not given any directions in regard to the particular kind of casks, and knew not that the marks were yet upon them, until notice of the fact was given to him by the officers of the customs, by whom they were found at his store. On the part of the United States additional evidence was produced, to show that the defendant had directed and acquiesced in the act of his agent.

Judge HOPKINSON informed the counsel that he did not expect to hear any of the points of law decided on the former trial [Case No. 15,276], again argued. That, while either party might have the benefit of excepting, he should charge the jury as he had done before. 1. That if in their opinion the defendant had no agency in, or knowledge of the purchase and removal of the casks, nor any acquiescence in the illegal proceedings by his agent, although he might be the owner, in whole or in part, of the casks, he was not liable to the penalties of the act; but the punishment should be visited on the offender, or the person who actually sold or removed the casks in violation of the law. 2. That the provisions of the forty-fourth section of the act of March 2, 1799, are in full force and not repealed by the act of April 20, 1818, providing for the deposit of wines and distilled spirits in the public warehouses.

Mr. Gilpin, for the United States.

The decision of the court made on the former trial, in regard to the points of law involved, leaves this principally a question of fact for the jury. The evidence on the part of the United States is materially changed, and is now clearly sufficient to show that the defendant was the principal person in the whole transaction; that he not only directed his clerk to make these purchases, but that he recognised his acts after he had done so. If so, this will afford just ground for the jury to find that the defendant did remove the casks, described in the declaration, without having the marks erased therefrom, which is the offence by which the penalty is incurred.

[1] [Reported by Henry D. Gilpin, Esq.]
[2] [Affirmed in Case No. 15,278.]

Mr. Chew, for defendant.

.It is not admitted that the testimony in this case establishes a participation of the defendant in any illegal acts of his clerk; on the contrary, the weight of evidence on this, as on the former trial, is against any such participation. The decision of the court on that occasion has settled the law conclusively as to this case. There is, however, another ground not taken on the former trial. The act of congress refers exclusively to the seller and not to the purchaser of the cask; it was impossible for any but the seller to have any of these marks obliterated; it was his duty. The law is the same with the certificates as with the marks; and it has been decided that certificates must be surrendered on the sale of the casks by the seller. 1 Story's Laws, 611. 612 [1 Stat. 660]; Peisch v. Ware, 4 Cranch [8 U. S.] 347; Sixty Pipes of Brandy, 10 Wheat. [23 U. S.] 421; U. S. v. Chests of Tea, 12 Wheat. [25 U. S.] 486.

Mr. Gilpin, for the United States, in reply.

The removal meant by the act of congress refers to both seller and purchaser. This is evident by the express words of the law. The law states removal as well as alienation. If the seller is only meant, why say more than delivery? The seller can do no more; yet the law says on removal. The act of the seller is complete on alienation and delivery, a removal is for the purchaser. If the penalty only attached to the seller, why not limit the provision of the law to alienation and delivery? This is also shown by an examination of the other parts of the law. The law intends to have certain marks for its use; to have them at certain times, to abolish them at others; all who violate this are punishable. Every person having a cask which is full must have a certificate and the marks upon it, whether he be a purchaser or the original importer. So every person having a cask which is empty, must have the marks erased. In other sections of the law we find wrong removals punished, as in the case of any person concerned in removing goods not having a permit, or not weighed: so. by this law any person removing casks, not as the law requires them, is to be punished in the manner provided. The buyer is bound and is able to know it is wrong, as well as the seller; he is not an innocent sufferer; he can use these casks, he can carry them abroad and refill them. If any person may buy and remove. there is an end to preventing fraud on revenue. Where a party has it in his own power to avoid a penalty and does not do it, it is incurred. Here the buyer could and ought to avoid it, and he does not. 1 Story's Laws. 617 [1 Stat. 665]; Six Hundred & Fifty-One Chests of Tea v. U. S. [Case No. 12.916].

HOPKINSON. District Judge (charging jury). On a careful review of the law, a question has presented itself. which did not occur at the former trial; nor was it suggested on that trial, by the counsel on either side. It is this. Do not the directions of the law apply only to the seller of a cask? Is not he the person on whom it is enjoined to erase the custom house marks, on the sale of any cask. before the delivery thereof to the purchaser, or before any removal thereof? Do these directions apply to the purchaser of the cask, or only to seller? How can the purchaser deface the marks prior to the delivery of them to him, or before they are removed from the possession of the seller? How can he exercise any act of ownership over them until they are delivered to him; or before they are removed from the place where they were in the possession of the seller? It seems to me that the provisions and penalties of the law apply only to the person who sells a cask, without defacing the marks; not to the purchaser of such casks, who may not be presumed to know any thing of their antecedent history, where they came from. or what was in them. But I go on the words of the law. They are as follows: "Every person who shall sell. or in any way alienate or remove any cask, chest, vessel or case, which has been emptied of its contents, before the marks and numbers, set thereon pursuant to the provisions aforesaid, shall have been defaced or obliterated in presence of an officer of inspection; or who shall neglect or refuse to deliver the certificate issued to accompany the cask, chest, vessel, or case of which the marks and numbers shall have been defaced and obliterated in manner aforesaid, on being thereto required by an officer of inspection or of the customs, shall, for each and every such offence, forfeit and pay one hundred dollars with costs of suit." If the purchaser is liable. he is so the moment the cask is removed; even before it comes to his store. or actual possession, or he can know whether it has. or has not, or ever had, any marks upon it, or that they had been defaced. A man sends an order from the country for empty casks; they are sent without defacing the marks; the penalty under such a construction is irrevocably fixed upon him. It is now impossible to comply with the law; the marks cannot be defaced before delivery or removal.

The jury found the following verdict: "We find the facts proven. that the defendant did remove the cask described in the declaration, without having the marks erased therefrom, and having purchased the same from some person unknown to the jury.'"

On this verdict the court subsequently directed judgment to be entered for the defendant.

[The judgment in this case was affirmed in error by the circuit court. Case No. 15,-278.]